LAURA E DUFFY
United States Attorney
ALESSANDRA P. SERANO
Assistant U.S. Attorney
California Bar No.: 204796
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8104
Fax: (619) 546-0510
Email:  Alessandra.p.serano@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>        v.<br><br><br>MICHAEL LUSTIG,<br><br>                 Defendant. | Case No.: 13-CR-3921-BEN<br><br>Date:  February 18, 2014<br>Time:  2:00 p.m.<br><br>**UNITED STATES' SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>   1) **SUPPRESS EVIDENCE FROM CELL PHONES SEIZED LUSTIG'S PERSON;**<br>   2) **DISMISS INDICTMENT BECAUSE §1591 IS UNCONSTITUTIONAL;**<br>   3) **SUPPRESS EVIDENCE DUE TO VIOLATION OF <u>CDT</u>;**<br>   4) **SUPPRESS EVIDENCE OBTAINED BY ADMINISTRATIVE SUBPOENA** |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, LAURA E. DUFFY, United States Attorney, and Alessandra P. Serano, Assistant United States Attorney, and hereby responds to Defendant's above-captioned motions.  This response and opposition is based upon the files and records

of the case together with the attached statement of facts, and the memorandum of points and authorities.

## I

## STATEMENT OF THE CASE

On October 23, 2013, a two-count Indictment was returned in the Southern District of California, charging Defendant Michael Lustig ("Lustig") with sex trafficking of a minor in violation of 18 U.S.C. § 1591.

A hearing on the motion was held on January 21, 2014.

## II

## STATEMENT OF FACTS

**A. The Initial Lead**

On June 8, 2012, San Diego Sheriff's Deputies Chase Chiappino and George Crysler, both with the Vista COPPS unit, conducted a "john op" targeting prostitution customers at the Howard Johnson motel in Encinitas, CA.[1]  An online prostitution ad was posted, which Lustig responded to by phone, and stated his name was "George." Upon his arrival, he was arrested for Cal. PC 647(b) (soliciting a prostitute).  The ad Lustig responded to advertised an adult female.

At the time of Lustig's arrest, deputies seized and searched incident to arrest an Iphone (619-791-6552) found in his pocket.  The web browser displayed the online ad for the undercover officer posing as a prostitute.  A second phone (purple Kyocera flip phone with number 619-634-9405) was located in another pocket.  A search of that phone incident to arrest revealed multiple prostitution related texts such as "U wanna hook up for a rewarding time this evening?" "Please confirm u r 18 years or older." "…see if we want a mutually beneficial relationship." "I still have the room if u wanna earn more & finish what we started."

---

[1] A copy of the Sheriff's Deputy's report is attached to Lustig's motion at Ex. A.

*United States' Response in Opposition to Defendants' Motion to Suppress Evidence*                                     *13-CR-3921-BEN*

Lustig had a set of car keys in his pocket, but denied that he drove a vehicle to the motel.  However, despite Lustig's lie, deputies located a vehicle that matched the car keys found in Lustig's pocket.  To avoid the vehicle from being damaged or stolen, deputies towed the vehicle and later performed an inventory search.  In the vehicle deputies located five additional phones.  Two of those phones included a Verizon Wireless Samsung cell phone ((619) 977-4300) and a Cricket Samsung cell phone ((619)799-3816), both located in the center console of the vehicle.  Deputies conducted a brief search of the five phones.[2]  The Verizon Wireless Samsung displayed text messages such as, "Hey i have a room", "…you think you can front me the money for our date…"  The Cricket Samsung cell phone displayed text messages such as, "did you get the room", "today?", "Hey, U free?"

A listing in the Cricket Samsung phone was for "Dominick", which had the number (619) xxx-3539 assigned to it.  Another phone number assigned to "Dominick" was located inside Lustig's iPhone (found in his pocket) was (619) xxx-6033.  Thus, there were two numbers associated with "Dominick" each saved in a different phone belonging to Lustig.

A search through law enforcement databases displayed the latter phone number for "Dominick" as being associated with a twelve year old minor female (MF1).  Lustig's Cricket Samsung phone showed 39 text messages to or from MF1 between March 24, 2012 and June 8, 2012.  There were over 110 received, sent or missed calls between Lustig and MF1 between the same dates.

Deputy Chiappino later investigated the contacts inside Lustig's Kyocera flip phone, one of the phones found on his person.  One of the contacts in Lustig's Kyocera phone was under the name of "Andrew" and displayed the telephone number (602) xxx-8687.  Deputy Chiappino conducted a search through law enforcement

---

[2] Of the five phones, one was locked and could not be searched.  Two others had no evidence relating to prostitution. Thus, the only two phones of note are the two Samsung phones described.

*United States' Response in Opposition to Defendants'*
*Motion to Suppress Evidence*                                                      *13-CR-3921-BEN*

databases, which displayed that phone number being associated with a 14 year old minor female (MF2). Lustig's phone displayed over sixty text messages between Lustig and MF2 between October 13, 2011 and December 15, 2011. These text messages appeared to use words to conceal the true meaning of what they were talking about. Lustig and MF2 used the words "Bookstore" and "Library" as terms to meet up for a date of prostitution. Some of those text messages read as follows: "Hey is bookstore open at all today I'm in desperate need of books rite now…" "Where are you? CV, LM or ??" "U free sumtime during the next 2 hours?" "Yes wuts tha latest time yu can cum?" "Is tomarrow morning or noon possible if not thts fine but tomarrow would be best for me".

## B. MF1-2 are Interviewed

On July 3, 2012, Deputies Crysler and Chiappino contacted MF1 at her residence and interviewed her in reference to the text messages between her and Lustig. During this interview MF1 identified Lustig through a photographic line up as an individual she knew as "George". MF1 stated Lustig would pay her $80 each time they met for a "hand job." MF1 stated she met with Lustig approximately five to seven times between March 2012 and June 2012. MF1 confirmed her old phone numbers were (619) xxx-6033 and (619) xxx-3539, which matched up with the number Lustig had saved for "Dominick." MF1 confirmed that she communicated with Lustig via text messaging and verbal conversation with her cell phones.

On July 3, 2012, Deputies Crysler and Chiappino contacted MF2 at her school and interviewed her reference the text messages. During this interview MF2 identified Lustig through a photographic line up as an individual she knew as "George". MF2 stated she had full sex with Lustig approximately three times during October and November, 2011. Lustig would pay her $200 each time. MF2 stated she was thirteen years old while she was involved with prostitution with Lustig. MF2 confirmed her old phone number was indeed (602) xxx-8687. MF2 confirmed that

*United States' Response in Opposition to Defendants'*
*Motion to Suppress Evidence*                                                          *13-CR-3921-BEN*

she communicated to Lustig via text messaging and verbal conversation using (602) xxx-8687.

**C. Further Investigation**

Deputies located motel receipts at various motels on El Cajon Blvd under Lustig's name for the date ranges referenced above.  Deputy Chiappino obtained video footage of Lustig in his dark colored sedan with MF1 parked in the parking lot, getting out of the car and entering a room on May 30, 2012.  About 25 minutes later, they exit the room and get back into the car.  MF1 goes in the back seat of the car.

**D. Subsequent Search Warrants were Obtained to Search the Phones Found in the Vehicle**

Although the two cell phones located in Defendant's vehicle were searched by San Diego Sheriff's Deputies pursuant to the lawful arrest of Lustig for prostitution in June 2012, the United States sought and obtained search warrants for the two phones and the vehicle after he had been arrested for the current charges.[3]  Both of the search warrants are attached to Lustig's motion as Exhibits at pages 15-28 and 29-41.  In the search warrants, the FBI agent who swore out the affidavit informed the magistrate judge that the phones located in the car had been previously searched, but that none of that information had been included in the application for the search warrant.  See Lustig's Motion, Ex. 25-4, page 10.

**III**

**ARGUMENT**

Lustig filed 4 motions to which the United States responded in writing.  At the hearing, the Court raised the following issue: why did the San Diego Sheriff's deputies not secure a search warrant for Defendant's phones found on his person or his vehicle at

---

[3] In addition, the search warrant application sought authorization to search two additional phones in Lustig's possession at the time of his arrest for the federal charges.  Lustig does not challenge the validity of the search for those phones.

the time of the Defendant's arrest.   The United States responded that the deputies probably could have secured a state search warrant for the phones and the vehicle. However, the undersigned was mistaken after further legal research.

At the time of Defendant's phones and vehicle were searched, Defendant had been arrested for PC 647(b), disorderly conduct, a misdemeanor.  See Cal. PC 647(b).  Under California law, the deputies were precluded from seeking a search warrant under California Penal Code Section 1524.   Section 1524 delineates 13 provisions as to when state law enforcement may seek a state search warrant.  These include:

(1) When the property was stolen or embezzled.

(2) When the property or things were used in committing a felony.

(3) When the property or things are in the possession of a person with the intent to use the as a means to commit a public offense.

(4) When the property or things indicate that the person has committed a felony.

(5) When the property or things tends to show child exploitation

(6) When there is an arrest warrant for a person.

(7) Search warrant to an electronic service provider

(8) When the property or items show a violation of the Labor Code

(9) Weapons or firearms

(10)   & (11) Weapons or firearms possessed by a certain class of person

(12 )   tracking devices

(13 )seeking a blood sample to show DUI.

None of these provisions include a misdemeanor crime such as soliciting prostitution. These provisions limit California law enforcement to obtain search warrants in a delineated number of offenses, which does not include PC 647(b).  See e.g. People v. Sweig, 167 Cal.App. 4th 1145, 1152 (3rd App. Dist. 2008)(describing a factual scenario that does not fall within "the limited grounds set forth in §1524). Law enforcement did

*United States' Response in Opposition to Defendants'*
*Motion to Suppress Evidence*                                                    *13-CR-3921-BEN*

1   not know about Defendant's involvement with the minors –which would make his

2   conduct a felony and involves the exploitation of a child – prior to conducting the

3   searches without search warrants.

4

5                                         **IV**

6                                  **CONCLUSION**

7          For the above stated reasons, the United States respectfully requests that

8   Defendant's motions be denied.

9          DATED: January 31, 2014              Respectfully submitted,

10

11                                              LAURA E. DUFFY
                                                United States Attorney
12

13                                              /s/Alessandra P. Serano
                                                ALESSANDRA P. SERANO
14                                              Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27                                         7

28   *United States' Response in Opposition to Defendants'*              *13-CR-3921-BEN*
     *Motion to Suppress Evidence*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

MICHAEL LUSTIG,

               Defendant

Case No.: 13-CR-3921-BEN

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

     I, Alessandra P. Serano, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of United States' Supp. RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS to SUPPRESS EVIDENCE, et al, together with memorandum of points and authorities on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     Timothy Scott, Esq.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on January 31, 2014.

                              s/Alessandra P. Serano
                              ALESSANDRA P. SERANO